UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DAVID W. STONE,                       Case No. 1:09-cv-49

    Plaintiff,                             Spiegel, J.
                                         Black, M.J.
vs.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

**REPORT AND RECOMMENDATION[1] THAT: (1) THE ALJ'S NON-DISABILITY FINDING BE FOUND SUPPORTED BY SUBSTANTIAL EVIDENCE, AND AFFIRMED; AND (2) THIS CASE BE CLOSED**

This is a Social Security appeal brought pursuant to 42 U.S.C. § 405(g). At issue is whether the administrative law judge ("ALJ") erred in finding that Plaintiff was not entitled to Disability Insurance Benefits ("DIB"). (*See* Administrative Transcript ("Tr.") (Tr. at 16-30) (ALJ's decision)).

**I.**

Plaintiff filed an application for DIB on September 27, 2005, alleging a disability onset date of March 5, 2005, due to back pain and stress. (Tr. 62-64). His application was denied initially and on reconsideration. Plaintiff then requested a hearing *de novo* before an ALJ. An evidentiary hearing, at which Plaintiff was represented by counsel, was held on August 14, 2008. (Tr. 720-765).

On September 2, 2008, the ALJ entered his decision denying Plaintiff's claim.

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

That decision stands as Defendant's final determination consequent to denial of review by the Appeals Council on November 24, 2008. (Tr. 7-10.)

The ALJ's "Findings," which represent the rationale of the decision, were as follows:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2007.

2. The claimant has not engaged in substantial gainful activity at any time relevant to this decision (20 CFR 404.1520(b) and 416.920(b)).

3. The claimant has the following severe impairments: adult attention deficit disorder, mood disorder, anxiety, polysubstance abuse (alcohol, street and prescription drugs), multilevel spondylosis, and mild spinal stenosis (20 CFR 404.1520(c) and 416.920(c)).

4. The claimant does not have an impairment or a combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P Appendix 1 (20 CFR 404.1520(d), 404.1525, 416.920 (d), 416.925 and 416.926).

5. After careful consideration the entire record, the undersigned finds that the claimant had the residual functional capacity to perform light exertional work activity if he is limited to lifting 10 pounds frequently and 20 pounds occasionally, standing and/or walking for about 6 hours in an 8-hour workday, and sitting for about 6 hours in an 8-hour workday. The claimant is limited to occasional ladder, rope, and scaffold climbing and frequent ramp/stair climbing, stooping, crouching, and crawling. He is limited to performing simple to moderately complex work tasks, in a work setting with no public contact, superficial contact with co-workers, regular expectation, and few changes.

6. The claimant is unable to perform any past relevant work. (20 CFR 404.1565 and 416.965).

7. The claimant was born on October 13, 1961, and was 40 years old on the alleged disability onset date, which is defined as a younger individual age 18-44 (20 CFR 404.1564 and 416.964).

8. The claimant has at least a high school education and is able to communicate in English. (20 CFR 404.1564 and 416.964).

9. Transferrablity of jobs skills is not material to the determination of disability due to the claimant's age (20 CFR 404.1568 and 416.968).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that existed in significant numbers in the national economy that the claimant can perform. (20 CFR 404.1560(c), 404.1566, 416.960 (C), 416.966).

11. The claimant has not been under a "disability", as defined in the Social Security Act, at any time from (AOD) through the date of this decision. (20 CFR 404.1520(g) and 416.920 (g)).

(Tr. 18-29).

In summary, the ALJ concluded that Plaintiff was not under a disability as defined by the Social Security Regulations and was therefore not entitled to DIB

On appeal, Plaintiff maintains that: (1) the ALJ erred in failing to give controlling weight to the opinions of Plaintiff's treating physicians; and (2) the ALJ erred in evaluating Plaintiff's pain, credibility, and subjective complaints. Each argument will be addressed in turn.

## II.

The Court's inquiry on appeal is to determine whether the ALJ's non-disability finding is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971). In performing this review, the Court considers the record as a whole. *Hephner v. Mathews,* 574 F.2d 359,

362 (6th Cir. 1978). If substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found plaintiff disabled. As the Sixth Circuit has explained:

> The Commissioner's findings are not subject to reversal merely because substantial evidence exists in the record to support a different conclusion. The substantial evidence standard presupposes that there is a "zone of choice" within which the Commissioner may proceed without interference from the courts. If the Commissioner's decision is supported by substantial evidence, a reviewing court must affirm.

*Felisky v. Bowen,* 35 F.3d 1027, 1035 (6th Cir. 1994).

Upon consideration of an application for disability benefits, the ALJ is guided by a sequential benefits analysis, which works as follows: At Step 1, the ALJ asks if the claimant is still performing substantial gainful activity; at Step 2, the ALJ determines if one or more of the claimant's impairments are "severe;" at Step 3, the ALJ analyzes whether the claimant's impairments, singly or in combination, meet or equal a Listing in the Listing of Impairments; at Step 4, the ALJ determines whether or not the claimant can still perform his past relevant work; and, finally, at Step 5 – the step at which the burden of proof shifts to the ALJ – the ALJ determines, once it is established that the claimant can no longer perform his past relevant work, whether significant numbers of other jobs exist in the national economy which the claimant can perform. *See Gwizdala v. Commissioner of Soc. Sec.,* No. 98-1525, 1999 WL 777534, at *2 n.1 (6th Cir. Sept. 16, 1999) (per curiam).

The claimant bears the ultimate burden to prove by sufficient evidence that he is

4

entitled to disability benefits. 20 C.F.R. § 404.1512(a). That is, he must present sufficient evidence to show that, during the relevant time period, he suffered an impairment, or combination of impairments, expected to last at least twelve months, that left him unable to perform any job in the national economy. 42 U.S.C. § 423(d)(1)(A).

**A.**

For his first assignment of error, Plaintiff maintains that the ALJ erred in failing to give deference to the opinion of Plaintiff's treating physicians. Plaintiff's assertions are unavailing.

An ALJ must give the opinion of a treating source controlling weight if he or she finds that the opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and "not inconsistent with the other substantial evidence in [the] case record." *Wilson v. Commissioner of Soc. Sec.,* 378 F.3d 541, 544 (6th Cir. 2004) (quoting 20 C.F.R. § 404.1527(d)(2)). Deference is due, however, only when the physician supplies sufficient medical data to substantiate his diagnosis and opinion. *Giddings v. Richardson,* 480 F.2d 652, 656 (6th Cir. 1976). Mere diagnosis of a condition is not indicative of a disabling functional debilitation. *See Varley v. Secretary of Health & Human Servs.,* 820 F.2d 777, 780 (6th Cir. 1987).

The ALJ must provide "specific reasons for the weight given to a treating source's medical opinion, supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." *Wilson,* 378 F.3d at

544 (citing Soc. Sec. Rul. 96-2p). Nonetheless, the ultimate determination of whether a claimant is "disabled" rests with the Commissioner, and not with the treating physician. *See* Soc. Sec. Ruling 96-5p; *see also Varley,* 820 F.2d at 780.

    A.    *Dr. Geering*

Plaintiff argues first that the ALJ erred in failing to give controlling weight to the opinion of Dr. Geering, Plaintiff's treating physician from 1996 through 2007. In May 2007, Dr. Geering opined that Plaintiff was disabled based on MRI evidence of nerve root impingement (left), decreased left leg muscle strength (extensor hallucis lungus), and positive straight leg raising (60°). (Tr. 378).

However, despite Dr. Geerings findings, a subsequent and more specific CT discogram documented no nerve root impingement. Specifically, in the spring of 2007, Plaintiff began treating with Dr. Munir at The Pain Center of University Pointe. (Tr. 634-652.). Dr. Munir noted that the MRI's done in 2005 and later in July 2006 "revealed no facal disc herniation or protrusion, but mild spinal stenosis. . . ." (Tr. 646.)

Dr. Munir also ordered a CT discogram with contrast, a more specific test for disc herniation than an MRI. The scan showed no definite focal neural disc compression. (Tr. 682.) Furthermore, Dr. Munir's physical examination was entirely normal, including full left leg muscle strength, and negative straight leg raising. (Tr. 644-45).

Thus, as noted by the Commissioner, each of the findings that Dr. Geering relied on to opine that Stone was disabled was contradicted by subsequent and fully normal findings. As noted above, deference is due to the treating physician if the opinion is

6

"well-supported by medically acceptable clinical and laboratory diagnostic techniques" and "not inconsistent with the other substantial evidence in [the] case record." *Wilson,* 378 F.3d 541. Accordingly, the ALJ reasonably declined to grant controlling weight to Dr. Geering's opinion.

*B.     Dr. Shah*

Plaintiff was treated at Brown County Counseling by Dr. Shah, a psychiatrist, beginning in 2004. Dr. Shah prescribed Depokete ER, Lexpapro, Wellbutrin and Trazodone, and recommended counseling to reduce anxiety and depression. Plaintiff began counseling sessions with Mary Winchel, LISW, in July 2005.

On November 9, 2006, Dr. Shah completed a Mental Impairment Questionnaire, which would render Mr. Stone disabled, due to the severe limitations it places upon his abilities to function. Dr. Shah rated Plaintiff's GAF at 50 and found him markedly limited in his activities of daily living and in maintaining social functioning and extremely limited by deficiencies of concentration, persistence, and pace. (Tr. 502-505).

Dr. Shah submitted a second evaluation dated July 7, 2008 in which she again assessed that he was disabled due to chronic pain and "mental health issues that interfere with ability to motivate or manage his depression effectively. . . ." ( Tr. 695-696.)

Here, contrary to Plaintiff's assertions, the ALJ did not completely reject Dr. Shah's findings. The ALJ accepted Dr. Shah's opinion as establishing the existence of his mental impairments, yet found that the extent of Dr. Shah's functional limitations is not supported by the overall record. (Tr. 26).

Notably, Dr. Shah's treatment notes are inconsistent with his disability

7

assessments as well as the treatment notes from Plaintiff's counselors. As noted by the Commissioner, Dr. Shah repeatedly assessed Plaintiff's overall mental functioning at 6-7, on a 0 to 10 scale, where 0 was poor, 5 was moderate, and 10 was best. (Tr. 467, 493, 501, 513, 528). *See Villarreal v. Sec'y of Health & Human Servs.*, 818 F.2d 461, 463 (6th Cir.1987) (Secretary reasonably rejected entry on residual functional capacity form that "contained no substantiating medical data and [that] was inconsistent" with the physician's previous opinions).

Furthermore, in June 2006, Plaintiff told Dr. Shah that he was stressed over his children acting out, but overall was doing okay. (Tr. 529). Yet, in a September 2006 letter, Dr. Shah stated that Plaintiff was unable to maintain employment due to his mental status. Additionally, Ms. Winchell, Plaintiff's counselor, noted that Plaintiff tended to over-exaggerate his symptoms due to his pending disability claim. (Tr. 297.) She states that Plaintiff "denies symptoms but upon further question seems to say what the interviewer 'wants to hear'." (Tr. 298.)

Moreover, as noted by the ALJ, Dr. Shah based the disability finding, in part, on Plaintiff's subjective complaints of chronic pain. However, Dr. Shah was not treating Plaintiff for any physical impairments and did not physically examine Plaintiff. As noted above, an opinion is entitled to controlling weight only when the physician supplies sufficient medical data to substantiate his diagnosis and opinion. *See Giddings,* 480 F.2d at 656.

Thus, the ALJ considered the medical evidence and treatment history and properly

found that they did not support a finding of disability. Furthermore, the ALJ clearly articulated his reasoning for the weight assigned to the opinions of Drs. Geering and Shah, and the undersigned finds that the ALJ's decision to give little weight to their findings is supported by substantial evidence.

**B.**

For his final assignment of error, Plaintiff maintains that the ALJ erred in evaluating his pain, credibility, and subjective complaints. Plaintiff asserts, *inter alia*, that the ALJ improperly relied on his daily activities and opiate-seeking behavior in his credibility assessment. Plaintiff's assertions are unavailing.

It is within the discretion of the ALJ - who actually meets with and takes testimony from an individual plaintiff - to evaluate that plaintiff's credibility. As the Sixth Circuit has found: "[i]t is for the [Commissioner], not a reviewing court, to make credibility findings." *Felisky v. Bowen,* 35 F.3d 1027,1036 (6th Cir. 1994); *see also McGuire v. Commissioner of Soc. Sec.,* No. 98-1502, 1999 WL 196508, at *6 (6th Cir. Mar. 25, 1999) (per curiam) ("An ALJ's findings based on the credibility of an applicant are to be accorded great weight and deference, particularly since the ALJ is charged with the duty of observing a witness's demeanor and credibility").

As noted by the ALJ, Plaintiff pulled weeds and did other yardwork, walked up to four miles, searched for deer antlers in the woods, played pool, maintained and repaired his girlfriend's house, did work around his brother's house for pay, cared for his children, had female relationships both in person and on the internet, and beat-up two guys in a

9

pool hall. (Tr. 384, 464, 484, 495, 513, 524, 543, 659, 662.)

The ALJ properly considered that Plaintiff engaged in a variety of daily activities, and it was appropriate for him to consider this factor in making his credibility finding. *See Warner*, 375 F.3d at 392 ("The administrative law judge justifiably considered Warner's ability to conduct daily life activities in the face of his claim of disabling pain.").

The ALJ also found that Plaintiff has been managed conservatively and has no surgical history, emergency room treatment, or hospitalization. (Tr. 25.)

Furthermore, the ALJ did not err evaluating Plaintiff's substance abuse in his credibility assessment, as Plaintiff's overuse of alcohol and prescription medication is detailed throughout the record. Notably, Plaintiff reported that he used alcohol with his medications, including Percocet, was charged with DUI in 2005 and charged with drug possession (marijuana) in 2006. Plaintiff further admitted to overusing his Valium and overusing his morphine pills as an attention-getting mechanism because he felt his parents were ignoring him. (Tr. 492.) Plaintiff was found to be obtaining narcotic prescriptions from multiple providers (Tr. 380), and, in 2007, both Dr. Shah and his therapist noted that Plaintiff appeared over-medicated.

As noted above, the issue is not whether the record could support a finding of disability, but rather whether the ALJ's decision is supported by substantial evidence. *See Casey v. Secretary of Health and Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993). The ALJ properly evaluated Plaintiff's allegations in accordance with controlling law, and he reasonably concluded that they were not fully credible. The ALJ's credibility finding is entitled to deference and thus should be affirmed. *See Jones v. Commissioner*

*of Social Security*, 336 F.3d 469, 476 (6th Cir. 2003).

## IT IS THEREFORE RECOMMENDED THAT:

1. The decision of the Commissioner is **SUPPORTED BY SUBSTANTIAL EVIDENCE**, and should be **AFFIRMED.**

2. As no further matters remain pending for the Court's review, this case should be **CLOSED.**


Date: March 2, 2010                                    s/Timothy S. Black
                                                       Timothy S. Black
                                                       United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DAVID W. STONE,                                     Case No. 1:09-cv-49

    Plaintiff,                                        Spiegel, J.
                                                    Black, M.J.
vs.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

## NOTICE

    Attached hereto is the Report and Recommended Decision of the Honorable Timothy S. Black, United States Magistrate Judge. Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations **within 14 days** after being served with this Report and Recommendation. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections **within 14 days** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).